UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KARL JUNIUS BENT,

        Plaintiff,

v.

NYC OFFICE OF CHILD SUPPORT
SERVICES (OCSS), SCHENECTADY
COUNTY SUPPORT COLLECTION UNIT
(SCU), NYS OFFICE OF TEMPORARY &
DISABILITY ASSISTANCE (OTDA), and
JOHN AND JANE DOES 1–10,

        Defendants.

**MEMORANDUM & ORDER**
25-CV-05364 (HG) (JAM)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Karl Junius Bent, proceeding *pro se*, asserts claims under 42 U.S.C. § 1983 and state law concerning the calculation and collection of his child support obligations. *See* ECF No. 1 (Complaint; "Compl.").[1] Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. *See* ECF No. 2 ("IFP" Motion). For the reasons discussed below, however, the action is dismissed.

## BACKGROUND[2]

    Plaintiff, an Ohio resident, challenges the "calculation, collection, and enforcement of [his] alleged child support obligations" ordered in child support cases "originally filed in Kings County." Compl. at 1–2. Plaintiff names as a defendant the New York State Office of

---

[1] Unless otherwise indicated, when quoting cases and Plaintiff's papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2] The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

Temporary and Disability Assistance ("OTDA"), which oversees the enforcement of child support obligations and two child support units that Plaintiff also names as defendants: the New York City Office of Child Support Services ("OCSS"), where the collection of Plaintiff's child support obligations began, and the Schenectady County Support Collection Unit ("SCU"), where Plaintiff's collection was eventually transferred (collectively, "Defendants"). *Id*.

According to Plaintiff, although court records show that he has no current child support obligations, Defendants nevertheless garnish $661.96 from each of his paychecks. *Id.* at 2. Plaintiff asserts that Defendants' failure to adjust his arrears (child support owed that should have been paid earlier), and their continued garnishment of his wages, has caused him "severe financial hardship, emotional distress, and reputational harm." *Id.* at 2. Plaintiff further asserts that his applications for benefits such as food stamps and cash assistance "should have triggered automated arrears reviews and case adjustments," but they did not. *Id.* In Plaintiff's view, Defendants' collection of his child support obligations is a violation of his due process rights under the Fourteenth Amendment, and it also amounts to negligence by Defendants, who failed to correct Plaintiff's arrears and obligation balances. *Id.*

To remedy his alleged harm, Plaintiff seeks declaratory relief (correcting the child support arrears balance and stating that his current obligation is $0), $2 million in damages, and a temporary restraining order ("TRO") stopping the garnishment of his wages. *Id.* at 3; *see* ECF No. 3 (TRO Motion).

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

The Court reads a *pro se* plaintiff's complaint liberally and interprets it to raise the strongest possible arguments.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Finally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action must be dismissed."  *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## DISCUSSION

Invoking the Court's federal question jurisdiction, *see* Compl. at 1, Plaintiff asks this Court to alter New York's collection and enforcement of his child support obligations.  Under the domestic relations abstention doctrine, however, the Court must abstain from exercising its federal question jurisdiction over Plaintiff's claims, which are uniquely the province of the state courts.  And under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to consider

Plaintiff's claims to the extent they challenge the enforcement of the child support final orders or judgments.

I. **Domestic Relations Abstention Doctrine**

It is well-settled that "the whole subject of . . . domestic relations . . . belongs to the laws of the States, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013). Thus, the domestic relations abstention doctrine in federal question cases requires federal courts to abstain from interfering in state cases raising family law or domestic relations issues. *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).[3] Here, the claims for which Plaintiff seeks relief arise directly from the child support action, and thus, the Court lacks subject matter jurisdiction. *See Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019); *Bey v. Furman*, No. 21-cv-4090, 2021 WL 3725987, at *4 (E.D.N.Y. Aug. 23, 2021) (abstaining from exercising federal question jurisdiction over plaintiff's child support determinations and enforcement); *Legister v. Radowitz*, No. 20-cv-9330, 2020 WL 7405672, at *4 (S.D.N.Y. Dec. 16, 2020) (same where plaintiff's claims arose from the Family Court's orders and judgments and their enforcement); *Myers v. Sara Lee Corp.*, No. 08-cv-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) (declining to "interfere[] with the ability of the Family Court to modify ongoing child support obligations"). Because the Court cannot discern any "obstacle to the full and fair determination of [this] dispute in state court,"

---

[3]  Similarly, the domestic relations exception doctrine carves out an exception to subject matter jurisdiction in diversity cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Donohue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order). Thus, even if the Court were to liberally construe the complaint to allege diversity jurisdiction due to Plaintiff's location in Ohio and Defendants' location in New York, the Court would lack subject matter jurisdiction under the domestic relations exception doctrine.

the Court abstains from exercising federal question jurisdiction in this case. *Deem*, 941 F.3d at 622.

## II. *Rooker-Feldman* Doctrine

To the extent Plaintiff seeks to challenge the child support judgment itself, his suit is barred by the *Rooker-Feldman* doctrine, which precludes federal district courts from reviewing state court final orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . ."). Federal review of claims is barred under *Rooker-Feldman* when four requirements are satisfied: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp.*, 544 U.S. at 284.

Here, the Complaint challenges final orders and judgments in state court, issued before Plaintiff filed this action, in which it was determined that Plaintiff owes child support and an amount owed was set. By asking this Court to "cease all income withholding orders and garnishments" and to "correct all erroneous arrears balances," Compl. at 3, Plaintiff challenges the validity of those final orders and judgments. Thus, his claims for relief are squarely barred by the *Rooker-Feldman* doctrine, and the Court dismisses them for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291; *Lions v. New York State Office of Child Support Enforcement*, No. 24-cv-7181, 2025 WL 81421, at *4–5 (S.D.N.Y. Jan. 10, 2025) (collecting cases) (applying *Rooker-Feldman* to preclude federal court's review of

plaintiff's allegations of wrongful garnishment and interception of federal tax refund based on child support arrears).

### III. Constitutional Claims

In any event, Plaintiff's claims alleging constitutional violations pursuant to 42 U.S.C. § 1983 and seeking damages against Defendants fail because Defendants are either immune or not suable under § 1983.

First, the OTDA is immune under the Eleventh Amendment, which bars federal actions against a state, its agencies or state agents absent a waiver of immunity or congressional legislation specifically overriding immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007). Although Congress has the power to abrogate state sovereign immunity, "Congress has not abrogated sovereign immunity for Section 1983 claims . . . , and New York has not waived it." *Hahn v. New York*, 825 F. App'x 53, 54 (2d Cir. 2020); *see Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *1–2 (2d Cir. Jan. 29, 2024); *Grijalva v. Coward*, No. 24-cv-6365, 2024 WL 5057652, at *3–4 (E.D.N.Y. Dec. 9, 2024) (finding that OTDA and Suffolk County Family Court are immune under the Eleventh Amendment). And the exception articulated in *Ex parte Young*, 209 U.S. 123, 155–56 (1908), does not apply because Plaintiff has not sued any state officials for prospective injunctive relief. Therefore, even if the Court's review of the Complaint were not barred by the domestic relations abstention doctrine and the *Rooker-Feldman* doctrine, the Court would dismiss Plaintiff's § 1983 claims against the OTDA pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Second, municipal agencies, such as the SCU and OCSS, do not have the capacity to be sued under New York State law.[4] *Johnson v. Dobry,* 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y. City Charter ch. 17, § 396, which states that actions must be brought against the City of New York, not an agency); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."). Therefore, even if the Court had jurisdiction, Plaintiff's § 1983 claims against the SCU and OCSS would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

Plaintiff also names ten Doe defendants, but he does not allege that any individual took any specific action that caused him harm. Accordingly, those claims would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. Leave to Amend

The Court declines to grant leave to amend the Complaint because it would be futile, as the issues present a "substantive" problem that "better pleading will not cure." *Cuoco v.*

---

[4] The Court understands the SCU to be a municipal agency of Schenectady County. *See Radowitz*, 2020 WL 7405672, at *5 (dismissing "claims under § 1983 against [the Orange County Child Support Collection Unit ("SCU")] because municipal agencies, such as this SCU, which is an agency of the County of Orange, do not have the capacity to be sued under New York State law"). However, even if the SCU is a state agency, the claim against it would still fail because it is immune from suit. *See Phillips v. Schenectady Child Support Unite,* No. 24-cv-853, 2025 WL 895035, at *9 (N.D.N.Y. Mar. 24, 2025), *report and recommendation adopted sub nom. Phillips v. Schenectady Cnty. Child Support Unit*, No. 24-cv-853, 2025 WL 1191320 (N.D.N.Y. Apr. 24, 2025) (noting that the "Schenectady County Child Support Collection Unit appears to be a branch of New York State Child Support Services operating under the New York State Department of Social Services" and finding that it is shielded by sovereign immunity).

[5] Unlike the claim against the OTDA, which the Court dismisses on immunity grounds under 28 U.S.C. § 1915(e)(2)(B)(iii), the Court dismisses the claims against the SCU and OCSS for failure to state a claim, as they are not proper defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cora v. Wright*, No. 24-cv-0263, 2024 WL 450247, at *4 (S.D.N.Y. Feb. 5, 2024) (dismissing *pro se* plaintiff's claim against non-suable city agencies, including the OCSS, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Dyer v. Edwin Gould Foster Care Agency*, No. 19-cv-0531, 2019 WL 442150, at *2 (E.D.N.Y. Feb. 4, 2019) (denying leave to amend because "plaintiff's claims are strictly about state court matters, and amending the complaint would not cure that defect"). Because the domestic relations abstention doctrine precludes this Court's exercise of jurisdiction, any attempt to amend the Complaint would be futile. *See, e.g.*, *Deem*, 941 F.3d at 621 (affirming, on domestic relations abstention grounds, the district court's *sua sponte* dismissal of *pro se* plaintiff's complaint without leave to amend).[6]

## CONCLUSION

Accordingly, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Complaint also fails to state a claim and improperly seeks damages against Defendants that are either immune or not suable. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for emergency relief, ECF No. 3, is therefore denied. Plaintiff's motion to appear by teleconference, ECF No. 4, is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and to close this case. The Clerk of Court is further respectfully directed to mail a copy

---

[6] Although amendment would afford Plaintiff the opportunity to properly name the relevant municipalities, rather than the current municipal agencies, as defendants, the Court would still abstain from exercising its jurisdiction pursuant to the domestic relations abstention doctrine, so amendment would be futile.

of this Order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 15, 2025